**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Dolphus Phillips, | : |
| Plaintiff, | : Civil Action No.:  10-cv-10338(FDS) |
| v. | : |
| Associated Recovery Systems, Inc.; and DOES 1-10, inclusive, | : **FIRST AMENDED COMPLAINT** |
| Defendants. | : |

Pursuant to Fed. R. Civ. P. 15(a)(1)(A) Plaintiff files his First Amended Complaint as a matter of course.  Plaintiff's initial complaint was served on March 10, 2010.  For his Amended Complaint, the Plaintiff, Dolphus Phillips, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiff, Dolphus Phillips ("Plaintiff"), is an adult individual residing in Worchester, MA, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Associated Recovery Systems, Inc. ("Associated"), is a California business entity with an address of 201 W Grand Ave, Escondido, CA 92025-2603, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Associated and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Associated at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff incurred a financial obligation in the approximate amount of $600.00 (the "Debt") to Capital One (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Associated for collection, or Associated was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Associated Engages in Harassment and Abusive Tactics

12.      The Defendants placed excessive calls to the Plaintiff, including calls on the weekends and calls after 9:00 pm.

13.      The Defendants called the Plaintiff fourteen times per week.

14.     During telephone calls the Defendants were extremely abusive and rude.

15.     The Defendants are currently attempting to collect $900.00 from the Plaintiff, having added fees to the original debt.

### C. Plaintiff Suffered Actual Damages

16.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

21.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

22.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

23.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

27.     Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

28.     The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff through excessive phone calls including calls on the weekend and late at night.

29.     The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

30.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

31.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

32.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

34.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

35.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts.

36.     All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## COUNT IV
## COMMON LAW FRAUD

37.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Massachusetts.

5

39.   The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6.  Punitive damages; and

7.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 16, 2010

Respectfully submitted,
By /s/ Sergei Lemberg
Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiff